UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

GREAT LAKES INSURANCE SE,
Plaintiff,

v.

(1) CIAO BELLA II LLC and
(2) M&M PRIVATE LENDING
GROUP LLC,
Defendants.
_____/

**GREAT LAKES INSURANCE SE'S COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW the Plaintiff, GREAT LAKES REINSURANCE SE, by and through its undersigned counsel, pursuant to 28 U.S.C. §2201 et seq, Federal Rule of Civil Procedure 8, and the Local Rules of the United States District Court for the Southern District of Florida, and for its Complaint seeking this Court's Declaratory Judgment would respectfully state as:

**JURISDICTION AND VENUE**

1. This is an action for declaratory relief pursuant to Title 28 of the United States Code, sec. 2201 et seq, in that a present controversy exists between the parties hereto in which the Plaintiff asks this Court to adjudicate and determine the rights of the parties to a contract of marine insurance which is in dispute.

2. Venue lies within the Southern District of Florida as this cause arises out of a policy of marine insurance delivered by the Plaintiff to the Assured named therein, Defendant CIAO BELLA II LLC, a Florida limited liability company which maintains its principal place of business in Hillsboro Beach, Florida.

3. This is an admiralty and maritime cause within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has subject-matter jurisdiction pursuant to Title 28 of the United States Code, sec. 1333.

1

4. Plaintiff GREAT LAKES INSURANCE SE (hereinafter "GREAT LAKES") is a marine insurance company organized and existing under the laws of the United Kingdom, with its office and principal place of business located in the United Kingdom, in the City of Leeds.

5. Upon information and belief, Defendant CIAO BELL II LLC (hereinafter "CIAO BELLA") is a Florida limited liability company which maintains its principal place of business in Hillsboro, Florida.

6. Upon information and belief, Defendant M&M PRIVATE LENDING GROUP LLC (hereinafter "M&M") is a Florida limited liability company which maintains its principal place of business in North Miami, FL.

**FACTUAL ALLEGATIONS**

7. On or about June 27, 2019, the Defendant CIAO BELLA submitted to the Plaintiff, via Defendant's agent, an application for a policy of marine insurance. Such a submission was a routine aspect of the Plaintiff's procedure for considering whether to agree to provide insurance coverage.

8. A true and correct copy of the said application form completed and signed by Defendant and submitted to Plaintiff on or about June 27, 2019 by and on behalf of the Defendant by its agent is attached hereto as Exhibit 1.

9. On or about June 27, 2019, Defendant CIAO BELLA submitted to the Plaintiff, via Defendant's agent, a Letter of Compliance with Marine Survey Recommendations. Such a submission was a routine aspect of the Plaintiff's procedure for considering whether to agree to issue a policy affording marine insurance coverage on the vessel referenced therein.

10. A true and correct copy of the said Letter of Compliance with Marine Survey Recommendations form completed and signed by the Defendant on June 17, 2019, and

submitted to Plaintiff on or about June 27, 2019, by and on behalf of the Defendant by its agent is attached hereto as part of Exhibit 1.

11. Plaintiff agreed to issue its Policy No. CSRYP/17663 based upon the representations set forth in, and the material information disclosed in, the application and Letter of Compliance.  Ex 1.

12. On or about June 27, 2019, Plaintiff GREAT LAKES, in exchange for good and valuable consideration, issued to Defendant CIAO BELLA Marine Insurance Policy No. CSRYP/176632 affording Hull & Machinery coverage on the 2001 80' Lazzara with MTU twin 1150ph gas engine vessel named *Ciao Bella II* in the amount of $800,000.00.

13. A true and correct copy of the declarations page for Marine Insurance Policy No. CSRYP/176632 (hereinafter "the Policy") is attached hereto as Exhibit 2.  A true and correct copy of SYP/8/PPO is attached hereto as Exhibit 3.  A true and correct copy of the Hurricane Deductible Endorsement, Claims Guidance, Treating Customers Fairly statement, and Privacy and Data Protection statement are attached hereto as Exhibit 4.

14. Defendant M&M is named as the Loss Payee under the Policy.  Ex 2.

15. On or about October 1, 2019, the *Ciao Bella II* is alleged to have sustained extensive damage due to water intrusion, leaks, and partial submersion.  The General Liability Notice of Occurrence / Claim is attached here to as Exhibit 5.

16. On or about October 1, 2019, the *Ciao Bella II* was repossessed by Defendant M&M.

17. Upon receipt of the first notice of loss described herein, Plaintiff GREAT LAKES caused an investigation to be made into the facts and circumstances surrounding the said incident.

18. The said investigation established that the damage sustained by the insured vessel was not due to anything of a fortuitous nature and was not an event for which Plaintiff's policy of marine insurance would afford any coverage.

19. The said investigation established that the loss falls within the Policy's various exclusions.

20. The said investigation established that Defendant CIAO BELLA misrepresented facts on the Letter of Compliance.

21. The said investigation established that Defendant CIAO BELLA breached the Policy's Letter of Compliance warranty.

22. The said investigation established that the *Ciao Bella II* was unseaworthy at the inception of the Policy, unseaworthy throughout the period of the Policy, and unseaworthy at the time of the loss.

23. The said investigation established that Defendant CIAO BELLA breached the Policy's fire extinguisher warranty.

## FIRST CAUSE OF ACTION

24. Plaintiff GREAT LAKES repeats and realleges each and every allegation set forth in Paragraphs 7 through 23 as if set forth fully herein.

25. 19. Defendant/Counter-Plaintiff's policy states, in pertinent part:

    ### 2. INSURING AGREEMENT

    This is a legally binding insurance contract between you and us, incorporating in full the application signed by you. We will provide the insurance coverage described in this insuring agreement, in return for payment to us of the premium due and compliance by covered persons with the provisions, conditions and warranties of this insuring agreement.

    ### 3. Coverage A, Hull, Machinery, Equipment and Dinghy

    If a sum insured is shown for Section A of the insuring agreement declarations page, we provide coverage for accidental physical loss of, or damage to the Scheduled Vessel which occurs during the period of this insuring agreement and within the limits set out in the insuring agreement declarations page, subject to the insuring agreement provisions, conditions, warranties, deductibles and exclusions.

26. The incident in which Defendant CIAO BELLA's vessel sustained damage on or about October 1, 2019 does not constitute an accidental physical loss for which coverage would be

afforded under the express terms and provisions of Plaintiff GREAT LAKES's policy of marine insurance.

27. Notwithstanding the lack of any coverage under Plaintiff's policy of marine insurance, Defendant CIAO BELLA has made demand upon Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to, or to replace, the vessel insured under the said terms of the said policy of marine insurance

28. As a result of the aforesaid lack of coverage under the terms of the Policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/176632.  Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

29. Defendant's demands for payment under the terms of the Policy attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the Policy, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

## SECOND CAUSE OF ACTION

30. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 7 through 23 as if set forth fully herein.

31. Plaintiff's policy states, in pertinent part:

> **Exclusions to Coverage A**
>
> Unless specifically agreed by us in writing and additional premium charged the following losses and/or damages (whether incurred directly or indirectly) are not covered by the insuring agreement:
> …

5

> b. Losses due to wear and tear, gradual deterioration, lack of maintenance, inherent vice, weathering, insects, mould, animal and marine life.
>
> …
>
> h. Loss or damage caused intentionally by you and/or any member of your family.
>
> …
>
> r. Damage to the Scheduled Vessel's engines, mechanical and electrical parts, unless caused by an accidental external event such as collision, impact with a fixed or floating object, grounding, stranding, ingestion of a foreign object, lightning strike or fire.

32. The incident in which Defendant CIAO BELLA's vessel sustained damage on or about October 1, 2019 falls within the exclusions from coverage expressly stated in Plaintiff GREAT LAKES's policy of marine insurance.

33. Notwithstanding the lack of any coverage under Plaintiff's policy of marine insurance, Defendant CIAO BELLA has made demand upon Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to, or to replace, the vessel insured under the said terms of the said policy of marine insurance

34. As a result of the aforesaid lack of coverage under the terms of the Policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/176632. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

35. Defendant's demands for payment under the terms of the Policy attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms

of the Policy, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

### THIRD CAUSE OF ACTION

36. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 7 through 23 as if set forth fully herein.

37. Plaintiff's policy states, in pertinent part:

> **9. General Conditions & Warranties**
> …
>
> m. This contract is null and void in the event of a non-disclosure or misrepresentation of a fact or circumstances material to our acceptance or continuance of this insurance. No action or inaction by us shall be deemed a waiver of this provision.

38. The investigation conducted by Plaintiff GREAT LAKES following the report of the loss revealed that Defendant misrepresented or failed to disclose material facts set forth in the Letter of Compliance certifying compliance with all recommendations set forth in a survey of the insured vessel.

39. Had the Plaintiff/Counter-Defendant disclosed the material facts referenced herein, that certain of the recommendations had not in fact been complied with, the Plaintiff GREAT LAKES would not have agreed to insure the vessel and/or would have not have agreed to issue Policy No. CSRYP/176632 or would have charged a higher premium.

40. Defendant's misrepresentation and/or failure to disclose material facts constitutes a breach of the duties imposed upon the Plaintiff/Counter-Defendant by the express terms of the policy and under the applicable principles of federal admiralty law.

41. Defendant's breach of the policy and the duties imposed under federal admiralty law renders the said policy void ab initio and/or entitles the Plaintiff to declare the said policy void from its inception.

42. Notwithstanding the said breach of the policy and the lack of any coverage under Defendant's policy of marine insurance, Defendant has made demand upon Plaintiff for payment of an amount equal to the full costs of repairs and/or to the full amount of the insured value of the vessel under the said policy of marine insurance.

43. As a result of the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/176632.  Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

44. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

## FOURTH CAUSE OF ACTION

45. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 7 through 23 as if set forth fully herein.

46. Plaintiff's policy states, in pertinent part:

    **9. General Conditions & Warranties**
    …

    r. Unless we agree in writing to the contrary, if we request a survey of the Scheduled Vessel then it is warranted that such survey is in existence prior to the effective date of this insurance and a copy of the same must be received by us within 30 days of the effective date of this agreement.  If the survey makes any recommendations with respect to the Scheduled Vessel, then it is warranted that all such recommendations are completed prior to any loss giving rise to any

8

      claim hereunder, by skilled workmen using fit and proper materials and that either:

      i.      The surveyor who carried out the survey certifies in writing that all recommendations have been completed to his (the surveyor's) satisfaction prior to any loss and/or claim

      Or,

      ii.     The workmen/repair yard that carried out the said work and/or recommendations certifies in writing that all recommendations have been completed prior to any loss and/or claim. Failure to comply with this warranty will void this agreement from inception.

47. The Letter of Compliance states in pertinent part:

      **Letter of Survey Recommendations Compliance**

      …

      I certify, as owner of the vessel, that all recommendations pertaining to the above vessel contained within the detailed survey submitted here, have been complied with, other than those listed below, along with the date of expected completion…

      …

48. The investigation conducted by Plaintiff GREAT LAKES following the report of the loss revealed that Defendant did not comply with all the survey recommendations.

49. The Defendant's failure to comply with survey recommendations constitutes a breach of the survey compliance warranty and breach of the Letter of Survey Recommendations Compliance.

50. Notwithstanding the said breaches and the lack of any coverage under Plaintiff's policy of marine insurance, Defendant has made demand upon Plaintiff for payment of an amount equal to the full costs of repairs and/or to the full amount of the insured value of the vessel under the said policy of marine insurance.

51. As a result of the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment

9

regarding the coverage afforded under the terms of Policy No. CSRYP/176632.  Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

52. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

## FIFTH CAUSE OF ACTION

53. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 7 through 23 as if set forth fully herein.

54. Plaintiff's policy states, in pertinent part:

> 9. **General Conditions & Warranties**
> …
>
> b. It is warranted that the Scheduled Vessel is seaworthy at all times during the duration of this insuring agreement.  Breach of this warranty will void this insuring agreement from its inception.

55. The post-incident investigation carried out by the Plaintiff established that the *Ciao Bella II* was unseaworthy at the inception of the Policy.

56. The post-incident investigation carried out by the Plaintiff established that the *Ciao Bella II* was unseaworthy throughout the duration of the Policy.

57. The post-incident investigation carried out by the Plaintiff established that the *Ciao Bella II* was unseaworthy at the time of the loss that is the subject of the present suit.

58. The post-incident investigation carried out by the Plaintiff established that the loss suffered by the *Ciao Bella II* was caused by the vessel's unseaworthy condition.

59. Defendant CIAO BELLA was therefore in direct violation of the said express warranty set forth in Plaintiff's policy of marine insurance.

60. Defendant CIAO BELLA was therefore in direct violation of the first and second warranties of seaworthiness implied under federal admiralty law.

61. Defendant's breach of these express and implied seaworthiness warranties renders the Policy void ab initio and/or entitles the Plaintiff to declare the said policy void.

62. Defendant's breach of these express and implied seaworthiness warranties permits the Plaintiff to avoid liability for the costs of repairing or replacing the vessel as a result of the incident of October 1, 2019.

63. Notwithstanding the said breach of these express and implied seaworthiness warranties and the lack of any coverage under Plaintiff's policy of marine insurance, Defendant CIAO BELLA has made demand upon Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to, or in the alternative, to replace, the vessel insured under the terms of the said policy of marine insurance.

64. As a result of the Defendant's breach of these express and implied warranties and the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/176632.  Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

65. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the

existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

## SIXTH CAUSE OF ACTION

66. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 7 through 23 as if set forth fully herein.

67. Plaintiff's policy states, in pertinent part:

> 9. **General Conditions & Warranties**
> …
>
> k. If the Scheduled Vessel is fitted with fire extinguishing equipment, then it is warranted that such equipment is properly installed and is maintained in good working order. This includes the weighing of tanks once a year, certification/tagging and recharging as necessary.

68. The post-incident investigation carried out by the Plaintiff established that the certification of the fire extinguishers aboard the *Ciao Bella II* was expired.

69. Defendant CIAO BELLA was therefore in direct violation of the said express warranty set forth in Plaintiff's policy of marine insurance.

70. Defendant's breach of this express warranty renders the Policy void ab initio and/or entitles the Plaintiff to declare the said policy void.

71. Defendant's breach of this express warranty permits the Plaintiff to avoid liability for the costs of repairing or replacing the vessel as a result of the incident of October 1, 2019.

72. Notwithstanding the said breach of this express warranty and the lack of any coverage under Plaintiff's policy of marine insurance, Defendant CIAO BELLA has made demand upon Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to, or in the alternative, to replace, the vessel insured under the terms of the said policy of marine insurance.

73. As a result of the Defendant's breach of this express warranty and the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/176632. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

74. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

## SEVENTH CAUSE OF ACTION

75. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 7 through 23 as if set forth fully herein.

76. Plaintiff's policy states, in pertinent part:

> 9. **General Conditions & Warranties**
> …
>
> f. If you sell or pledge the Scheduled Vessel or otherwise transfer ownership in part of in full, or give up possession of the Scheduled Vessel, whether actual or otherwise, this insuring agreement is immediately cancelled by your action unless you have our prior written agreement to the contrary.

77. The post-incident investigation carried out by the Plaintiff established that the *Ciao Bella II* was repossessed by Defendant M&M on or about October 2, 2019.

78. Defendant CIAO BELLA was therefore in direct violation of the said express warranty set forth in Plaintiff's policy of marine insurance.

79. Defendant's breach of this express warranty renders the Policy immediately cancelled and/or entitles the Plaintiff to declare the said policy immediately cancelled.

80. Defendant's breach of this express warranty permits the Plaintiff to avoid liability for the costs of repairing or replacing the vessel as a result of the incident of October 1, 2019.

81. Notwithstanding the said breach of this express warranty and the lack of any coverage under Plaintiff's policy of marine insurance, Defendant CIAO BELLA has made demand upon Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to, or in the alternative, to replace, the vessel insured under the terms of the said policy of marine insurance.

82. As a result of the Defendant's breach of this express warranty and the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/176632.  Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

83. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

## EIGHTH CAUSE OF ACTION

84. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 7 through 23 as if set forth fully herein.

85. Plaintiff's policy states, in pertinent part:

    **Policy Schedule**

    …

    **Loss Payee:** M&M Private Lending Group LLC, ISAOA/ATIMA, 12550 Biscayne Blvd, Suite 400, North Miami, FL 33181. ETI Financial Corp, PO Box 829522, Pembroke Pines, FL 33082 in respect of total loss or constructive total loss of the hull only[.]

86. Based on the express terms of the Policy, Defendant M&M is merely the Loss Payee.

87. As a result of Defendant M&M's status as a mere Loss Payee under the Policy, Defendant M&M cannot possibly have any right to coverage greater than the Named Insured, Defendant CIAO BELLA.

88. Notwithstanding Defendant M&M's status as a mere Loss Payee, and notwithstanding the lack of coverage under the Policy as detailed in the seven prior causes of action, Defendant M&M has made demand upon Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to, or in the alternative, to replace, the vessel insured under the terms of the said policy of marine insurance.

89. As a result of Defendant M&M demands for coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/176632.  Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

90. As a result of the Defendant M&M's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to

the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

WHEREFORE, Defendant/Counter-Plaintiff demands judgment from the Court:

(A) Declaring that the relationship of insurer and insured does not exist between Defendant/Counter-Plaintiff and Plaintiff/Counter-Defendant OPENWATER as regards the incident of October 1, 2019 in which the insured vessel is alleged to have sustained damage;

(B) Declaring that Plaintiff's Policy No. CSRYP/167347 does not afford coverage to the Defendant CIAO BELLA for the incident of October 1, 2019 in which the insured vessel is allege to have sustained damage;

(C) Declaring that neither the incident of nor the damage resulting from the incident of October 1, 2019 constitute an accidental physical loss;

(D) Declaring that the loss or damage resulting from the incident of October 1, 2019 is excluded from coverage by the express terms of the Policy;

(E) Declaring that the Defendant's misrepresentation and/or non-disclosure of material facts as described herein voids the coverage afforded under the Policy and allows the Plaintiff to void and/or to rescind the said policy;

(F) Declaring that the Defendant's breach of the Policy's warranty of completion of all survey recommendations by the Defendant as described herein voids the Policy ab initio and relieves the Plaintiff from any and all liability to the said Defendant under the terms of the Hull & Machinery coverage afforded under the said policy of marine insurance;

(G) Declaring the Defendant's breach of the Policy's express and implied seaworthiness warranties as described herein voids the Policy ab initio and relieves the Plaintiff from

any and all liability to the said Defendant under the terms of the Hull & Machinery coverage afforded under the said policy of marine insurance;

(H) Declaring the Defendant's breach of the Policy's express fire extinguisher warranty as described herein voids the Policy ab initio and relieves the Plaintiff from any and all liability to the said Defendant under the terms of the Hull & Machinery coverage afforded under the said policy of marine insurance;

(I) Declaring that the Defendant's breach of the Policy's express transfer of ownership or possession clause cancels the Policy and relieves the Plaintiff from any and all liability to the said Defendant under the terms of the Hull & Machinery coverage afforded under the said policy of marine insurance;

(J) Declaring that Defendant M&M, as the mere Loss Payee under the Policy, is entitled to no great rights or coverage under the Policy than Defendant CIOA BELLA.

(K) Any and all such other and further relief as the Court may deem proper and appropriate in the premises.

Dated:      December 5, 2019
            Fort Lauderdale, Florida

                                    GOLDMAN & HELLMAN
                                    Attorneys for Defendant
                                    8751 W. Broward Boulevard
                                    Suite 404
                                    Fort Lauderdale, Florida 33324
                                    Tel (954) 356-0460
                                    Fax (954) 832-0878

                                    By:    /s/ Jacqueline L. Goldman
                                           JACQUELINE L. GOLDMAN, ESQ.
                                           FLA. BAR NO. 1005573

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 5, 2019, a true and correct copy of the foregoing, along with a summons and request for waiver of service of process, is being served on the following Defendants by United States First Class Mail:

Ciao Bella II, LLC
900 Hillsboro Mile
Hillsboro Beach, FL 33062

Respectfully submitted December 5, 2019.

                              GOLDMAN & HELLMAN
                              Attorneys for Defendant
                              8751 W. Broward Boulevard
                              Suite 404
                              Fort Lauderdale, Florida 33324
                              Tel (954) 356-0460
                              Fax (954) 832-0878


By:    /s/ Jacqueline L. Goldman
          JACQUELINE L. GOLDMAN, ESQ.
          FLA. BAR NO. 1005573